■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GRANDE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY MESSINA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ORR, Appellant.— In consolidated appeals: (1) defendant Grande appeals from a judgment of the former County Court, Kings County, rendered January 8, 1962 after a jury trial, convicting him of burglary in the third degree, petit larceny and possession of burglar's tools as a misdemeanor, vacating sentence imposed January 5, 1962, and resentencing him; and (2) the defendants Orr and Messina appeal from judgments of the same court, rendered January 5, 1962 after a jury trial, convicting them of burglary in the third degree, petit larceny and possession of burglar's tools as a felony, and imposing sentence upon them, as second felony offenders. All three defendants were indicted and tried together. Judgments reversed on the law and a new trial ordered. The findings of fact have not been considered. Defendants Orr and Messina were indicted, *inter alia*, for possession of burglar's tools, as a felony, because they had prior criminal records; defendant Grande, with no prior criminal record, was indicted for possession of burglar's tools as a misdemeanor. The indictment was returned on April 13, 1961, at which time the relevant statutes provided that the indictment shall recite a prior conviction which raises the degree of a burglar's-tools-count from misdemeanor to felony. This indictment accordingly recited the prior convictions of defendants Orr and Messina. Effective July 1, 1961, section 275-b of the Code of Criminal Procedure was amended so as to provide, *inter alia*, that such a prior conviction shall not be recited in an indictment and shall not be brought to the attention of the trial jury if, before the close of the People's case and in the jury's absence, upon the defendant's arraignment before the court alone on the prior conviction information, the defendant shall admit the prior conviction charged against him. The trial of the three defendants was held on November 13, 1961. During the trial, over their rather ambiguous (but,

in our opinion, sufficient) objections the court received certificates of Orr's and Messina's prior convictions in evidence, had them read to the jury, and in its charge instructed the jury concerning those prior convictions. And in his summation, the prosecutor, in effect, castigated defendant Grande for consorting with ex-convicts (i.e., Orr and Messina) and quoted the old adage about "birds of a feather." All this transpired despite the fact that in the jury's absence the defendants Orr and Messina had admitted on the record their prior convictions. It is now settled that section 275-b of the Code of Criminal Procedure, as amended in 1961, applies to all cases tried after its effective date, even though the indictments were returned prior thereto (*People* v. *Konono*, 9 N Y 2d 924; *People* v. *Blume*, 12 N Y 2d 705); and that the presentation of prior convictions to the jury, in violation of that statute, is prejudicial error. In the case at bar, we believe that all the defendants — Grande, Orr and Messina — were prejudiced, since they were tried jointly on a joint indictment for a crime jointly committed, and since the prosecutor expressly linked Grande with his "ex-convict" associates, Orr and Messina. Moreover, on this record, we see no waiver by defendants of the beneficial effects of the statute. We, therefore, conclude that these convictions should be reversed and a new trial granted as to all the defendants. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.